IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISSAC MORALES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-06485-JMG |
| | : | |
| PREMIER FLEET SERVICES, | : | |
|     Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                            October 28, 2021

**I.      OVERVIEW**

Plaintiff Issac Morales filed this suit against Defendant Premier Fleet Services under the Americans with Disabilities Act ("ADA") claiming that Defendant discriminated against him on the basis of his disability. Defendant has moved for summary judgment on the bases that Plaintiff is either not disabled or not a qualified individual under the terms of the ADA. For the reasons that follow, the Court grants Defendant's motion.

**II.     FACTUAL BACKGROUND**

    **a.      Allegations**

Plaintiff allegedly walks with a limp. Pl.'s Counter Statement of Fact ("PCSOF") ¶ 1, ECF No. 16-1. Plaintiff alleges that his limp becomes more noticeable when he walks "fast," and that walking fast causes him to experience "a little bit of pain." Pl.'s Mot. Summ. J. Ex. A, Pl.'s Dep. ("Pl.'s Dep.") at 34:4–9, ECF No. 17-1. But Plaintiff is still able to walk, and he does not need any accommodation to work as a welder, which is his trade. Def.'s Statement of Undisputed Facts ("DSOF") ¶ 8; Pl.'s Resp. Def.'s Statement of Undisputed Facts ("PRSOF") ¶ 8; Pl.'s Dep. at 18.

Plaintiff alleges that he worked for Defendant from about April of 2019 until June 10, 2019. Compl. ¶¶ 8, 13, ECF No. 1. During Plaintiff's initial interview with Defendant, Defendant told Plaintiff that Plaintiff would need to obtain his own tools and work chair to maintain employment with Defendant. DSOF ¶ 6; PRSOF ¶ 6. But Plaintiff never obtained his own tools or work chair. Pl.'s Dep. at 55:24–56:12. Defendant terminated Plaintiff on June 10, 2019 and told Plaintiff that he was being terminated because it would be unsafe to allow Plaintiff to continue working without his own tools or work chair. Pl.'s Dep. at 41:5–25.

  **b.** **Procedural History**

Plaintiff filed a Complaint against Defendant on December 24, 2020, alleging that Defendant's termination of Plaintiff violated the ADA. *See* ECF No. 1. Defendant filed an Answer denying liability and asserting a variety of affirmative defenses. *See* ECF No. 3.

On September 1, 2021, after the close of discovery, Defendant moved for summary judgment against Plaintiff. *See* ECF No. 12. Plaintiff responded to Defendant's motion on October 8, 2021. *See* ECF No. 16. Defendant's motion for summary judgment is now before this Court.

**III. LEGAL STANDARD**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020). And a fact is material if "it might affect the outcome of the suit under governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In applying this standard, the court must "construe the evidence in the light most favorable to the non-moving party." *Anderson*, 477 U.S. at 255. At the summary judgment stage, the court's role is not to weigh the evidence and determine the ultimate truth of the allegations. *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019). Instead, the court's task is to determine whether there remains a genuine issue of fact for trial. *Id.*

**IV.   ANALYSIS**

To establish a prima facie case of disparate treatment under the ADA, a plaintiff must show (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an adverse employment decision as a result of discrimination. *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000); *Isley v. Aker Philadelphia Shipyard, Inc.*, 275 F. Supp. 3d 620, 626 (E.D. Pa. 2017).

Defendant argues Plaintiff has failed to produce evidence supporting a genuine dispute of fact as to each prima facie element. The Court agrees with Defendant as to the second element, so the Court need not reach Defendant's argument on the first and third elements.

The ADA prohibits employers from discriminating against only "qualified" individuals. 42 U.S.C. § 12112(a). To be qualified, a plaintiff must satisfy "the requisite skill, experience, education and other job-related requirements" for the job. 29 C.F.R. § 1630.2(m); *see also Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). The plaintiff bears the burden of proving he is a qualified individual. *Mascarenhas v. Rutgers, State Univ.*, 412 F. Supp. 3d 500, 508 (D.N.J. 2019).

Defendant argues that Plaintiff was not a qualified individual because he did not possess his own tools or work chair as required by company policy.

There is no factual dispute on this issue. The parties agree that Defendant told Plaintiff that Plaintiff would need his own tools and chair during his initial interview. DSOF ¶ 6; PRSOF ¶ 6. Plaintiff also concedes that this requirement was enforced uniformly for all employees, that Defendant reminded him of this requirement during the course of his employment, and that all other employees did have their own tools and work chairs. Pl.'s Dep at 52:17–22, 55:24–56:8. And Plaintiff admits that he did not acquire his own tools or work chair at any point during his employment. Pl.'s Dep. at 55:24–56:12. Instead, Plaintiff "would always have to borrow" work chairs and tools from his co-workers. Pl.'s Dep. at 55:24–56:8. And when there were no chairs available to borrow, Plaintiff would have to "try[] to get things done" by "bending…on [his] knees." Pl.'s Dep. at 41:19–25.

The parties dispute only whether lacking personal tools and equipment can render an individual unqualified under the ADA as a matter of law. Plaintiff argues it cannot but offers no reasoning or authority to support his position. Pl.'s Resp. at 4. Nor can the Court find any support for Plaintiff's position. The Equal Employment Opportunity Commission's regulations make clear that an individual is not qualified under the ADA if he lacks "licenses" that an employer requires. 29 C.F.R. Pt. 1630 Appx. § 1630.2(m). If an individual who lacks requisite licensing is unqualified under the ADA, then so too should be a person who lacks requisite tools and equipment. And Plaintiff makes no argument that this requirement was either itself discriminatory or unrelated to the job's essential functions. *See Shell v. Smith*, 789 F.3d 715, 716-17 (7th Cir. 2015).

Because Defendant told Plaintiff that possessing his own tools and work chair would be a requirement to maintain employment and because Plaintiff failed to satisfy that requirement, Plaintiff is not a qualified individual under the ADA.

## V.     CONCLUSION

On the record before this Court, no reasonable jury could find that Plaintiff is a qualified individual under the ADA. Accordingly, Plaintiff's claim under the ADA must fail, and the Court enters summary judgment against Plaintiff.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge